# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

JESSIE ELKINS, )
)
Plaintiff, )
)
v. ) No. 3:22-CV-090-KAC-DCP
)
CORPORAL CORBIN and BRANDON )
ROBINSON )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Jessie Elkins, a Tennessee Department of Correction prisoner confined in the Morgan County Correctional Complex (MCCX), filed a pro se complaint under 42 U.S.C. § 1983 challenging various events during his incarceration [Doc. 1]. The United States District Court for the Middle District of Tennessee transferred that action to this Court [Doc. 4]. On March 14, 2022, the Clerk sent Plaintiff a notice of deficiency informing him (1) that for this matter to proceed, he must pay the required filing fee or submit the required documents to proceed *in forma pauperis*, and (2) that if he did not file pay the filing fee or submit the required documents within twenty days, this matter would be administratively closed [Doc. 7]. Plaintiff failed to respond. Accordingly, on May 13, 2022, the Court ordered Plaintiff to show cause why this matter should not be dismissed for want of prosecution and/or failure to comply with the Courts order [Doc. 8]. The Court ordered Plaintiff to respond within fifteen (15) days [*Id.*]. The Court warned Plaintiff that "if he fails to timely comply with this order, the Court shall . . . order the case dismissed for want of prosecution" [*Id.* at 1]. Plaintiff has not complied with the Court's Order or otherwise communicated with the Court. Thus, for the reasons set forth below, the Court **DISMISSES** this matter under Rule 41(b).

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under Rule 41:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to respond to the Court's Order was due to Plaintiff's willfulness or fault. It appears that Plaintiff received both the Clerk's notice and the Court's Order but chose not to comply with either. Second, the dismissal of Plaintiff's claims will not prejudice Defendants. Third, Plaintiff was expressly warned that if he failed to comply with the Court's Order, "the Court shall . . . order the case dismissed for want of prosecution" [Doc. 8 at 1]. Finally, given Plaintiff's repeated failures and the Court's specific warnings, alternative sanctions are not warranted here. Plaintiff has not diligently sought to prosecute this action as is required by local rule. *See* E.D. Tenn. L.R. 83.13. These factors support dismissal of this action under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se

2

status prevented him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff is **ASSESSED** the filing fee of $402 and the Court **DISMISSES** this matter. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Main Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $402 has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at MCCX and the Court's financial deputy. This Memorandum Opinion and Order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility. The Court also **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

3